# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONNA ROBERTS,<br><br>               Plaintiff,<br><br>v.<br><br>NEWELL BRANDS, INC., a New Jersey Corporation, d/b/a SUNBEAM PRODUCTS, INC., and DOES 1-100, inclusive<br><br>               Defendants. | **OPINION & ORDER**<br><br>Civ. No. 2:18-cv-11925 (WHW)(CLW) |

**Walls, Senior District Judge**

Plaintiff Donna Roberts moves to remand this case to New Jersey Superior Court where it was originally filed, arguing that removal was improper under 28 U.S.C. § 1441(b). For the reasons that follow, Plaintiff's motion is granted.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Donna Roberts ("Roberts") alleges that on June 20, 2017, she used a heating pad to treat pain in her left calf. Compl. ¶ 4. She claims that after applying the heating pad she noticed her leg was severely burned, and went to the hospital where she required medical treatment for a period not less than nine months, including multiple skin grafts and surgery to repair nerve damage. *Id.* ¶¶ 6-8. She filed suit against Defendant Newell Brands ("Newell") on June 15, 2018. Newell removed the case to this Court on July 20, 2018.

## STANDARD OF REVIEW

28 U.S.C. § 1447 provides that when "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." On a motion to remand, the removing party has

1

the burden of establishing that jurisdiction exists. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991). Removal statutes "are to be strictly construed against removal, and all doubts resolved in favor of remand." *Id.* at 111 (citations and quotations omitted).

Remand is not appropriate where a defendant is named fraudulently or nominally and the case would remain but for the defendant's presence. *See Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1009 (3d Cir. 1987). "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment. But [i]f there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–52 (3d Cir. 1992) (internal citations and quotations omitted) (emphasis added). "Ruling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed...In so ruling the district court must assume as true all factual allegations of the complaint." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

## DISCUSSION

The crux of this Court's analysis rests on whether Roberts's claim against Newell has a chance to proceed in state court. Roberts contends that Newell is subject to suit under the New Jersey Products Liability Act ("PLA"), N.J. Stat. § 2A:58-C-1. Reply Br. at 1. The statute "governs any claim or action...for harm caused by a product, irrespective of the theory underlying the claim, except actions for...breach of an express warranty." *Levey v. Yamaha*

*Motor Corp.*, 361 N.J. Super. 312, 318 (App. Div. 2003) (internal quotations omitted). It is "the exclusive remedy for personal injury claims arising out of product use," and "the exclusive method to prosecute such a claim is…by proving that the product was not reasonably fit, suitable or safe for its intended purpose because it either contained a manufacturing defect, failed to contain adequate warnings or instructions, or was designed in a defective manner." *Koruba v. Am. Honda Motor Co.*, 396 N.J. Super. 517, 531 (App. Div. 2007). "The language chosen by the Legislature in enacting the PLA is both expansive and inclusive, encompassing virtually all possible causes of action relating to harms caused by consumer and other products." *In re Lead Paint Litig.*, 191 N.J. 405, 436–37 (2007). Consequently, if Roberts can show Newell's role in her injury meets the scope contemplated by the PLA, then Newell is not a fraudulent defendant and this case will be remanded.

Defendant Sunbeam Products ("Sunbeam") claims it is being "incorrectly named" as Newell Brands in this case. Resp. Br. at 1. According to Richard Prins, a Senior Director, Product Safety Engineer at Sunbeam, the corporate structure of Newell/Sunbeam is as follows:

> Defendant Sunbeam Products, Inc. is a Delaware corporation with its principal place of business in the State of Florida. Sunbeam is wholly owned by Sunbeam America Holdings, LLC, whose sole member is Jarden LLC. Jarden LLC is a Delaware corporation with its principal place of business in Florida. Jarden LLC is a wholly owned subsidiary of Newell Brands Inc. Newell is a Delaware corporation with its principal place of business in New Jersey.

Affidavit of Richard J. Prins ("Prins Aff.") ¶ 5.

Sunbeam further states that Newell is simply the "ultimate parent holding company for Sunbeam," and that Newell "does not manufacture or sell heating pad products," "does not research, develop, design test, manufacture, inspect, label, distribute, market, advertise, promote, sell…heating pad products," and "does not sell, distribute, lease, install, prepare or assemble

heating pad products." *Id.* ¶¶ 6-9. Plaintiff disagrees. She claims that Newell, and not Sunbeam, "was the manufacturer and distributor of the product at issue." Resp. Br. at 5.

As stated earlier, for purposes of remand this Court "must assume as true all factual allegations of the complaint." *Steel Valley*, 809 F.2d 1006, 1010 (3d Cir. 1987). *See also Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (same). While a court "can look to more than just the pleading allegations to identify indicia of fraudulent joinder," it "must not step 'from the threshold jurisdictional issue into decision on the merits.'" *In re Briscoe*, 448 F.3d at 219 (quoting *Boyer*, 913 F.2d at 112). This Court will engage in "a limited consideration of reliable evidence that the defendant may proffer to support the removal" to analyze the factual dispute. *Id.*

Defendant Sunbeam does nothing more than put forth the Prins Affidavit in order to contest Roberts's contention that Newell is the one manufacturing, marketing, and distributing the products under the Sunbeam brand. Roberts meanwhile attaches to her brief Newell's 10-K Annual Report for 2016 (the "Report"). The Report breaks down Newell into "nine business segments," one of which is "Consumer Solutions," which involves "[h]ousehold products, including kitchen appliances and home environmental products." Mot. Br. Ex. 2 at 6. Sunbeam is listed as a "Key Brand" under Consumer Solutions. *Id.* According to the Report, this segment "manufactures or sources, markets and distributes a diverse line of household products," which it sells under a number of brands, including Sunbeam. *Id.* at 8.

At this stage, the above information is enough to establish a legitimate factual dispute as to whether Newell was involved in the manufacture and distribution of the allegedly defective product, which could expose Newell to liability under the PSA. It is not this Court's place to resolve the dispute and there is no need to look even further beyond the pleadings. Given both

our obligation to assume all factual allegations in the complaint as true, as well as resolve "all doubts [] in favor of remand," *Boyer*, 913 F.2d at 111, Roberts has shown—at the least—a "possibility" that the state court will find she has stated a claim against Newell. *Batoff*, 977 F.2d at 851–52.

## CONCLUSION

Because Plaintiff has a colorable claim under the PSA against Defendant Newell, Newell is neither a fraudulent nor nominal defendant and it is hereby ordered that this case is remanded to New Jersey Superior Court pursuant to 28 U.S.C. § 1441(b).

DATE: 4 September, 2018

William H. Walls
Senior United States District Court Judge